## Kochum v. Ezell.

(Decided November 24, 1925.)

### Appeal from Logan Circuit Court.

1. **Contracts—Court has Resort to Circumstances in Determining Intent of Written Instrument.**—If there be doubt as to terms of written instrument, court may call to its aid circumstances and purposes sought to be accomplished.

2. **Witnesses—Testimony Relative to Transaction had with Deceased Cashier of Bank Held Incompetent.**—Testimony of payee of note that she had not sold notes to bank, but pledged them as collateral,

held incompetent, where cashier of bank with whom she made deal had died before she had testified.

3. Bills and Notes—Evidence Held to Show that Payee had Parted with Title to Notes by Indorsement and Delivery.—Where only evidence in record on question of indorsement of notes is that payee indorsed notes by signing her name across the back and delivered them to bank, it cannot be held that payee did not part with title, and that bank did not have authority to dispose of notes.

4. Vendor and Purchaser—Contract for Sale of Real Estate Held to Provide that Notes Might be Paid Before Date of Maturity, and Deed Issued when Notes were Paid.—Where contract for purchase of real estate provided that purchaser was to pay notes as they matured, and vendor agreed to convey when all payments were made as specified, it was held that parties intended that notes might be paid before date of maturity, and that deed should issue when all of notes were paid.

5. Vendor and Purchaser—Failure of Purchaser to Pay Note when Due Held Not to Work Forfeiture of Contract where all of Notes were Paid in Full Before Action Towards Forfeiture was Taken.—Where contract for sale of real estate provided that on purchaser's failure to pay notes when due, vendor might terminate contract, vendor could not be heard to say that purchaser forfeited right to conveyance by failure to pay first note when due, where all of notes were paid in full before vendor elected or took any action toward forfeiture.

6. Contracts—Forfeitures Construed Strictly Against One Benefited Thereby.—Forfeitures are uniformly construed strictly and strongest against one benefited thereby.

7. Vendor and Purchaser—Violation by Purchaser of Agreement Made Subsequent to Contract, Providing Forfeiture on Failure to Pay Note when Due Only, would Not Entitle Vendor to Forfeiture.—Where, under contract for sale of real estate, it was agreed that forfeiture of right to conveyance should be had only in event of failure to pay notes when due, fact that purchaser had violated provisions of supplemental writing relative to protesting against establishment of public road over land purchased did not entitle vendor to forfeiture.

8. Vendor and Purchaser—Provision for Resale at Any Time Thereafter Purchaser should Desire to Sell Held Not Restricted to Time Between Date of Contract and Date of Conveyance.—Where contract for sale of real estate provided that purchaser should offer to vendor at specified price at any time he should desire to sell thereafter, it was held that such provision was not restricted merely to time between date of contract and that of conveyance, but provision held personal to parties, and terminated on death of either of them.

S. R. CREWDSON, COLEMAN TAYLOR and JOHN B. RODES for appellant.

O. M. SMITH and S. Y. TRIMBLE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

In September, 1918, appellant, Helen Kochum, and appellee, C. G. Ezell, entered into a written contract as follows:

"This contract between Mrs. Helen Kochum, owner of the real estate hereinafter described, an unmarried woman, party of the first part, and C. G. Ezell, of Russellville, Ky., R. F. D. No. 1, party of the second part,

"WITNESSETH: That, in consideration of the sum of two hundred sixty-six and 89/100 ($266.89), cash in hand paid, the receipt of which is hereby acknowledged; and the further consideration of the execution and delivery by second party of his three certain promissory notes, each for the sum of three hundred thirty-three and 33/100 ($333.33), due in one, two and three years respectively from date, all bearing even date herewith, and bearing interest from date until paid at the rate of 6% per annum, payable annually, secured by a lien on the property mentioned herein.

"First party has leased unto second party the following described real estate, viz.:  (Description omitted).

"And first party agrees to put second party in possession of said property on or before January 1, 1919.  It is stipulated as a part hereof that should second party fail to pay any or all of said notes at maturity, or the annual interest on same when due, then and in that event, first party may terminate this contract, and reinvest herself with the possession of said property.  However, the taxes on said property are to be paid by first party, and the insurance on same is to be kept up by her, just as heretofore.  Second party hereby obligates himself to pay all said notes and interest as same mature.  First party obligates herself to make deed conveying said property to second party when all of said payments hereinabove stipulated and set out have been made, just as above specified and provided.  Should said second party at any time hereafter desire to sell and alien said property, or any part of it, then he binds and obligates himself to offer same first to first party

at the price herein specified and stipulated and provided.

"It is further provided, however, that should first party elect to declare a forfeiture of second party's right to a conveyance from her, upon any of the grounds herein set out, then and in that event, he would be allowed credit upon the consideration herein undertaken by him to be paid to her; she retaining and being entitled to only rents, same to be computed at the rate or proportionate rate of one hundred and fifty dollars ($150.00) for each year during which possession of said property remained in second party's possession.

"Executed in duplicate on this, the 19th day of September, 1918.

"HELEN KOCHUM,
"C. G. EZELL."

At the same time and growing out of the same transaction, appellee executed and delivered to appellant the following writing:

"Mrs. Helen Kochum having this day leased to me her McCullock property in Logan county, adjoining the Wilson place, and through which McCullock property efforts are being made to establish a public road by B. G. Rhodes, &c. Now, I hereby agree in the event I should become the purchaser of said property, to at no time agree to the establishment of said road, or any public road over any portion of said McCullock property, nor to aid or assist any person in any wise, in having said road, establishing same, nor to grant or donate any land or right of way over same for that purpose.

"C. G. EZELL."

This appeal involves a construction of those two writings. We shall approach the task bearing in mind that we must ascertain the intention of the parties from the language they used considering the entire instrument. If there be doubt as to what the parties intended by what they said, we may call to our aid the circumstances surrounding them and the purposes they sought to accomplish. Those principles are so well established and have been so often written by this court as to require no citation of authority.

Without dissecting the written instrument and discussing the various clauses thereof singly and in their relation to each other and to the instrument as a whole, we deem it sufficient to say that this court's consideration of the writing above and its various provisions, when taken as a whole, leads us to conclude that by it appellant sold and contracted to convey to appellee the tract of land described for $1,266.89—$266.89 paid in cash, and the remainder to be paid in three equal installments, due in one, two and three years, respectively, the deferred payments to bear interest from date until paid at six per cent, payable annually, the deed to be executed and delivered upon his paying the agreed purchase price. It is to be gathered from the writing they signed that the parties further intended that in case he should fail to pay any note or any installment of interest when due she should have the right to declare a forfeiture of the contract of sale, decline to convey and repossess herself of the land described.

Having to that extent concluded what the parties to the contract intended by the terms they employed in reducing it to writing, we will next dispose of the contentions between the parties affected by the foregoing conclusion. It appears that after the notes evidencing the unpaid purchase price under the contract above were delivered to her, appellant, by indorsement, assigned them to G. W. Davidson & Company, bankers, of Auburn, Kentucky; and that on January 6, 1920, that bank assigned them to M. M. Ezell, a son of appellee, C. G. Ezell, without recourse. Afterwards and before this action was instituted and before the last of the three notes fell due appellee settled them in full. Appellant contends that she did not sell and assign the notes to the bank but pledged them with it as collateral, and that it had no right to sell and assign them to M. M. Ezell. All of her testimony on that question, however, is incompetent because the cashier of the bank with whom she made the deal had died before she testified and her testimony was for herself concerning a transaction had with a decedent. The only evidence in the record on the question is furnished by the notes themselves and Mrs. Kochum's indorsement thereon. She indorsed by signing her name across the back of the notes. Under those circumstances it can not be held that Mrs. Kochum did not part with her title to the notes by her indorsement and delivery of

them to the bank and that it did not have authority in turn to sell and assign them to M. M. Ezell.

Appellant contends that if we should hold the writing to be a contract for the sale of the land appellee instituted his action to enforce it prematurely, relying for that contention upon this clause of the contract: "Second party hereby obligates himself to pay all said notes and interest as same mature. First party obligates herself to make deed conveying said property to second party when all of said payments hereinabove stipulated and set out have been made just as specified and provided." It is urged that under that peculiar phraseology appellee could not pay any of the notes until they fell due and appellant could not be forced to execute and deliver the deed until the payments had been made just as stipulated. The argument is plausible from the peculiar wording of the contract, but is deprived of all reason when it is read in connection with the terms of the notes themselves executed for the purchase price. All of them were drawn payable, "on or before" the given date. We, therefore, conclude that the parties intended that the notes might be paid earlier than the ultimate date on which they were made payable and that they intended for the deed to be made when all of the notes were paid.

Appellant insists, however, that the first note was not paid when due and that therefore appellee forfeited his right to a conveyance. The contract did not provide that upon appellee's failure to pay any of the notes or the interest on same when due appellee's right to a conveyance of the tract of land would *ipso facto* be forfeited, but provided that appellant, in either of those events, might elect to terminate the contract. Under the contract she could not hold his notes for the deferred payments after they fell due and declare a forfeiture of the contract. If she desired a forfeiture she was required to act. Under the contract, if she elected to declare a forfeiture for appellee's failure to pay the first note or any of them when due, she was required to notify appellee of that fact, to surrender the unpaid notes, and to account to him for the difference between the amount he had paid to her under the contract and the rental value of the land for the time used by him at $150.00 per year, as fixed by the contract. That appellant did not do. In fact, before the first note became due she parted with all her right, title and interest in all of them by assignment to the bank. The notes were paid in full before the last

one was due and before appellant ever elected or took any action toward a forfeiture of the contract, if indeed she ever possessed such right after the assignment of the notes to the bank. Therefore, she can not be heard to say that appellee forfeited his right to a conveyance by failing to pay the first note when due.

Appellant insists that appellee violated the provisions of the supplemental writing, quoted above, and thereby forfeited his right to a conveyance of the property described in the first writing. There is sharp controversy and question of fact between the parties hereto as to whether appellee by what he did, as shown by the record, violated the provisions of the supplemental writing by which he agreed that he would not aid or assist any movement to establish a public road across the farm he was buying or grant or donate any land or right of way for that purpose. It does not seem to this court to be necessary to discuss and determine that question. By the contract the parties made, as evidenced by the writing they signed, appellant was given the right to declare a forfeiture of appellee's right to a conveyance of the tract of land only in the event appellee should fail to pay any of the notes at maturity or the interest on same when due. No other ground for declaring a forfeiture either in the contract proper or in the supplemental writing was provided. Forfeitures uniformly have been construed strictly by this court and strongest against the one benefited thereby. Nothing said by the parties in either of the writings signed by them indicates that they intended that appellant might declare a forfeiture of the contract of sale and of appellee's right to a conveyance for a violation of the provisions of the supplemental writing signed by him. Therefore, if as a matter of fact appellant has violated the provisions of the supplemental writing and has aided and assisted in the establishment of a public road over the land purchased by him—a question which we do not decide—appellant would not be entitled to a forfeiture of the contract of sale of the real estate for that reason. Her remedy, if any, would be an action for the damages she may have suffered by reason of his so doing.

Upon the trial hereof the chancellor adjudged that appellee was entitled to a conveyance of the lands mentioned in the writings above, but adjudged that the deed of conveyance should contain a provision in consonance

with the contract above that if at any time thereafter appellee would desire to sell or alien the property or any part of it he should offer it first to appellant at the price he paid for it. Appellee has prosecuted a cross-appeal contending that by that clause of the contract the parties had reference to a desire upon the part of appellee to sell the property at any time before appellant should make him the deed; and that it was never contemplated by them that after the deed was made if he desired to sell he would first have to offer it to appellant at the price he paid for it. The language used by the parties is not susceptible of the narrow construction appellee would have us place upon it. When, to express what they intended, the parties used this language: "Should said second party at any time hereafter desire to sell . . . then he binds and obligates himself to offer same first to first party at the price herein specified," they used exceedingly broad language. It is apparent from the supplemental writing copied above that appellant desired to thwart those who were undertaking to open a public road through this farm she was selling. When she contracted to convey it to appellee, as part of the contract of sale, she bound him not to assist them in that undertaking. Realizing that appellee might sell the land she desired further to control the property in so far as it related to the road controversy. In order to insure that if plaintiff desired to sell it it would fall into the hands of someone thinking as she did with reference to that controversy, appellant required and appellee agreed that if he should desire to sell he would first offer it to her at the price he had given. Nothing the parties said indicates that they intended that provision to relate only to the time that might elapse between the date of the contract and the date when under the contract conveyance of the property should be made to appellee. On the other hand the language they used, "at any time hereafter," manifestly is too broad, in the absence of something else restricting it, to be restricted to that time. Certainly appellant could have agreed to convey to appellee the land in question only upon the condition that if he should desire to sell it he would offer it to her at the price he paid, and appellee could have agreed to accept conveyance upon those terms. Granting that to have been their intention, we do not understand how the parties could have used more comprehensive language to express it than to

say if "at any time hereafter" appellee desires to sell the land in question he must offer it to appellant at the price he paid. That provision of course is personal to the parties and will terminate upon the death of either of them.

Upon the whole case we are of the opinion that the trial court properly construed the writings above and carried out the intention of the parties thereto as therein expressed by the judgment rendered herein.

Wherefore, the judgment herein is affirmed.

The whole court sitting.